UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 10694 JLT

| | | |
|---|---|---|
| M.R.S. ENTERPRISES, INC. | MAGISTRATE JUDGE _____ | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | C.A. NO. |
| | ) | |
| SHEET METAL WORKERS' | ) | |
| INTERNATIONAL ASSOCIATION | ) | |
| LOCAL 17 - BOSTON, and | ) | |
| SHEET METAL WORKERS' | ) | |
| INTERNATIONAL ASSOCIATION | ) | |
| Defendants | ) | |

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE 4-7-05

COMPLAINT

Introduction

This is a case brought by a Connecticut contractor against the Sheet Metal Workers' International Association and its Boston, Massachusetts Local affiliate for breach of a collective bargaining agreement between the Contractor and the Local Union and a collective bargaining agreement between the International Union and the Contractor.

1.   The jurisdiction of this Court is based on Section 301 of the Labor-Management Relations Act, 29 U.S.C., δ185 et seq. (the Act).

2.   The Plaintiff, M.R.S. Enterprises, Inc. (M.R.S.) is a corporation organized under the laws of the State of Connecticut with a usual place of business at 41 Northwest Drive, Plainville, CT 06062.

3. M.R.S., in the course and conduct of its business, causes and continuously has caused at all times material herein, large quantities of materials used by it in building construction within the Commonwealth of Massachusetts and the State of Connecticut to be purchased and transported in interstate commerce from and through the various states of the United States other than the Commonwealth of Massachusetts and/or the State of Connecticut. In connection with its business, M.R.S. receives directly from points outside of the Commonwealth of Massachusetts and the State of Connecticut, materials having an annual value far in excess of $50,000.

4. M.R.S. is and has, at all times material herein, been engaged in commerce within the meaning of the Act.

5. The Defendant, Sheet Metal Workers' International Association Local 17 – Boston (Local 17) is a labor organization as defined in the Act with a principal place of business in Dorchester, MA.

6. The Defendant, Sheet Metal Workers' International Association (the International) is a labor organization as defined in the Act with a principal place of business in Washington, DC.

7. At all times material herein, a collective bargaining relationship between M.R.S. and the International has been governed by a collective bargaining agreement known as the National Siding and Decking Agreement effective January 1, 2000 and expiring on May 31, 2005.

8. At all times material herein, a collective bargaining relationship between M.R.S. and Local 17 has been governed by a collective bargaining agreement effective August 1, 2001 and expiring July 31, 2005.

9. M.R.S. was involved in a construction project at Logan Airport known as Terminal A (the Terminal A project). The M.R.S. subcontract on this project involved the installation of the

composition metal panel siding system that included the installation of metal stud framing, dense glass wallboard, a vapor barrier and metal track system.

10. On or about April 8, 2003, representatives of M.R.S. met with representatives of Crown Corp. to whom M.R.S. was a subcontractor, Anthony Asher, attorney for the National Siding and Decking Association, Joseph Nigro, Assistant to the President of the International, Michael Sullivan, President of the International and Joseph Bergantino, Business Manager for Local 17 in Washington, DC to discuss the Terminal A project.

11. At the April 8, 2003 meeting, all parties agreed that M.R.S. would install the composition metal panel siding system pursuant to the National Siding and Decking Agreement. Michael Sullivan, the International President, and Joseph Bergantino, Local 17 Business Manager, assured representatives of M.R.S. that qualified journeymen, specialty sheet metal workers and specialty trainees would be referred to M.R.S. for work on the Terminal A project with the requisite skills and competency to install the composition metal panel siding system including the metal stud framing, dense glass wallboard, vapor barrier and track.

12. Article I, Section 2 of the National Siding and Decking Agreement provides that the agreement covers "Exterior application of manufactured and/or jobsite fabricated metal decking, siding and exterior appurtances thereto, excluding all roofs . . ."

13. Article IV, Section 1 of the National Siding and Decking Agreement provides that "The Union agrees to furnish upon request by the Employer duly qualified building trades journeyperson(s), Specialty Sheet Metal Workers and Specialty Trainees . . . in sufficient numbers as may be necessary to properly execute work contracted for by the Employer in the manner and under the conditions specified in this agreement."

14. Article IV, Section 1 of the Local 17 Collective Bargaining Agreements provides that "The Union agrees to furnish upon request by the Employer duly qualified journeymen and apprentice sheet metal workers in sufficient numbers as may be necessary to properly execute work contracted for by the Employer in the manner and under the conditions specified in this Agreement."

15. Article II in both the National Siding and Decking Agreement and the Local 17 Agreement provide that "No Employer shall subcontract or assign any of the work described herein which is to be performed at a jobsite to any contractor, subcontractor or other person or party who fails to agree in writing to comply with the conditions of employment contained herein..."

16. In order to assure that the sheet metal workers referred by Local 17 to M.R.S. had the requisite skills to install the siding system, M.R.S. requested the National Association of Siding and Decking Training Program Trustees to send a composition metal panel siding system installation module to the Local 17 Apprenticeship Training Program. M.R.S. then assigned an instructor employed by M.R.S. to teach the sheet metal workers the procedures and methods of installation.

17. Local 17 never referred any of its sheet metal worker members or apprentices to the apprenticeship program for the purpose of learning the installation of the metal stud framing, dense glass wallboard, vapor barrier and track system.

18. Between late July 2003 and December 2004, M.R.S. installed the composition metal panel siding system on the Terminal A project utilizing Local 17 sheet metal workers who lacked both the skill and the competence to work on the project. Specifically, the sheet metal workers could not efficiently install the metal stud framing, the dense glass wallboard, the vapor barrier

and the track system in a good and workman like manner. Notwithstanding the promises made by the International and Local 17 at the April 8, 2003 meeting in Washington, DC, both the International and Local 17 failed to supply duly qualified journeymen, specialty sheet metal workers and specialty trainees in sufficient numbers and ratios to perform the work.

19. In addition to a complete failure to supply qualified and skilled craftspeople from Local 17 to M.R.S., Local 17 and the International also prohibited M.R.S. from utilizing the services of carpenters who do have the requisite skills and competency to install the entire system and especially the metal stud framing, dense glass wallboard, vapor barrier and track system. The International and Local 17 also prevented M.R.S. from subcontracting the metal stud installation to any subcontractor.

20. At all times material herein, M.R.S. had a collective bargaining relationship with the New England Regional Council of Carpenters (NERCC) that was governed by a collective bargaining agreement effective October 1, 2001 and expiring on August 31, 2005. Pursuant to that collective bargaining agreement, M.R.S. could have directly hired carpenter employees to install the metal stud framing, dense glass wallboard, vapor barrier and track system.

21. As a result of the failure of the International and Local 17 to supply qualified journeymen, specialty sheet metal workers and specialty trainees to M.R.S. for installation of the metal stud framing, dense glass wallboard, vapor barrier and track system on the Terminal A project, M.R.S. suffered a loss of $3,515,491.

22. By failing to supply qualified journeymen, specialty sheet metal workers and specialty trainees, the International and Local 17 breached their respective collective bargaining agreements with M.R.S.

23. As a result of the breach of the Siding and Decking Agreement between the International and M.R.S., and the breach of the Local 17 Agreement between Local 17 and M.R.S., M.R.S. suffered monetary damage in the amount of $3,515,491.

24. The collective bargaining agreements between M.R.S. and the unions require that all disputes be resolved pursuant to a grievance and arbitration procedure contained therein.

25. By letter dated November 22, 2004, M.R.S. requested, through previous counsel, that the failure of the International and Local 17 to supply skilled sheet metal workers be arbitrated according to the contractual provision.

26. As of the date of this Complaint, both the International and Local 17 have refused and continue to refuse to respond to the demand for arbitration.

27. M.R.S. has no choice but to file this Complaint because the Defendants have refused to arbitrate.

Wherefore, the Plaintiff prays that this Court issue an order awarding it damages in the amount of $3,515,491 jointly and severally against the Defendants, Sheet Metal Workers International Association and Sheet Metal Workers International Association Local 17 – Boston, including costs of this litigation and interest thereon.

M.R.S. ENTERPRISES, INC.
By its attorney,

DATED: April 6, 2005

James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) M.R.S. Enterprises, Inc. v. Sheet Metal Workers' International Association Local 17 - Boston

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   James F. Grosso
                  O'Reilly, Grosso & Gross, P.C.
ADDRESS           1671 Worcester Road, Suite 205, Framingham, MA 01701-5400
TELEPHONE NO.     508/620-0055

(CategoryForm.wpd - 2/15/05)

# CIVIL COVER SHEET

≈JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
M.R.S. Enterprises, Inc.

### DEFENDANTS
Sheet Metal Workers' International Association Local 17 - Boston, and Sheet Metal Workers' International Association

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   508/620-0055
James F. Grosso
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Rd., Suite 205, Framingham, MA 01701

Attorneys (If Known) Paul K. Kelly
Segal, Roitman & Coleman
11 Beacon Street, Boston, MA 02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §185
Brief description of cause: Suit for breach of collective bargaining agreement by an Employer against a Union

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $3,515,491
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  4/6/05

SIGNATURE OF ATTORNEY OF RECORD

---
**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____