UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| M.R.S. ENTERPRISES, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL 17 - BOSTON and SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION | ) ) ) ) ) | C.A. No. 05 10694 JLT |
| Defendants. | ) ) | |

**DEFENDANT SHEET METAL WORKERS LOCAL 17'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

**I.   INTRODUCTION**

Plaintiff M.R.S. Enterprises, Inc. ("M.R.S." or "the Employer") has brought this action against Sheet Metal Workers Local 17 ("Local 17") and the Sheet Metal Workers International Association ("International") for breach of contract. The Employer is party to separate collective bargaining agreements with Local 17 and the International (collectively the "Union defendants"). M.R.S. claims that both agreements were violated by the Union defendants' failure to supply the Employer with qualified workers on a Logan Airport construction project in 2003 and 2004.

The Employer's agreement with Local 17 includes a four-step grievance and arbitration process. M.R.S. chose not to submit a grievance under this procedure regarding the Logan Airport job site prior to filing this Section 301 action for damages. Accordingly, the Employer's claims against Local 17 must be dismissed pursuant to Fed. R. Civ. P. 12(b), 12(b)(1) and 43(c) for its failure to exhaust the contractual grievance procedure.

**II.     STANDARD OF REVIEW**

Local 17 adopts and incorporates by reference the position taken by the International in its Memorandum at pp. 3-7 with respect to the applicable standard of review.

**III.    STATEMENT OF FACTS**

The Employer is party to a collective bargaining agreement with Local 17 known as the Standard Form of Union Agreement, Sheet Metal, Roofing, Ventilating, and Air Conditioning Industry ("Local 17 Agreement").  Complaint, par. 8.  A copy of that agreement, effective August 1, 2001 through July 31, 2005, is attached as Exhibit A to the Bergantino Affidavit.

The Employer has acknowledged that at all relevant times its collective bargaining relationship with Local 17 was governed by this agreement.  Complaint par. 8.  The Local 17 Agreement includes a grievance and arbitration procedure in Article X.  Grievances arising out of the interpretation or enforcement of the Agreement may be raised by either the Employer or Union.  The four-step grievance process begins, at step 1, with a settlement effort between the Employer and Union representatives.  Grievances that are not resolved at step 1 may be appealed by either party to the Local Joint Adjustment Board.  In the event of a deadlock or failure to act by the Local Joint Adjustment Board, either party may appeal to a two-member panel composed of the Labor and Management Co-chairmen of the National Joint Adjustment Board.  If this panel does not resolve the grievance, an appeal may be taken to the full National Joint Adjustment Board.  Article X further provides, in Section 5, that the Local Joint Adjustment Board, the Panel, and the National Joint Adjustment Board are empowered to render decisions and grant relief to either party, including awards of damages or other compensation.

The Employer is also party to a collective bargaining agreement with the International, the National Siding and Decking Agreement. Riley Aff., Ex. A.[1] M.R.S. alleges that the work in dispute at Logan Airport was to be performed pursuant to this Agreement. Complaint, par. 11-13. The National Siding and Decking Agreement, in Article 1, Section 6, provides that "the grievance procedure of the National Siding and Decking Agreement is the sole and exclusive remedy for any asserted breaches, disputes and alleged violations of this Agreement." Riley, Aff., Ex. A.

The National Siding and Decking Agreement includes its own separate and distinct grievance and arbitration procedure. There is a three-step process with appeals taken at step 2 to the Siding and Decking Grievance Panel and at step 3 to the Siding and Decking Arbitration Board. Riley Aff., Ex. A.

M.R.S. did not file a grievance under the Local 17 agreement with regard to the supply of labor at Logan Airport. Bergantino Aff., par. 3. Instead, the Employer chose to exercise its grievance rights under the National Siding and Decking Agreement, which by the Employer's own admission governed the work at the Logan Airport site. By a letter dated November 22, 2004 from its former counsel, Jane I. Milas, to International Union President, Michael J. Sullivan, the Employer communicated its grievance about the Logan Airport job.[2] Complaint, par. 25.

---

[1] Affidavit of Patrick J. Riley in Support of Defendant Sheet Metal Workers' International Association's Motion to Dismiss.

[2] The November 22, 2004, letter was not addressed to Local 17 nor did it reference the Local 17 Agreement. Local 17 received a copy from Ms. Milas of the November 22, 2004, grievance letter to President Sullivan. Bergantino Aff., par. 4. Later, Local 17 received a copy from the Employer of a December 20, 2004, letter to General President Sullivan in which M.R.S. complained that it had not received a "suitable response" to its "grievance against the SMWIA." Bergantino Aff., par. 6. Again, the letter made no reference to the Local 17 agreement or to any grievance filed against Local 17.

3

**ARGUMENT**

I. **THE EMPLOYER'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO EXHAUST ITS CONTRACTUAL REMEDIES**

    A. **The Employer did not File a Grievance Under the Local 17 Agreement**

While acknowledging that M.R.S. was party to separate collective bargaining agreements with the International and Local 17, the Employer treats the agreements as one and the same when it comes to characterizing its efforts to grieve the lack of qualified labor at the Logan Airport job site. In par. 24 of the Complaint the Employer accurately states that its collective bargaining agreements with both Local 17 and the International "require that all disputes be resolved pursuant to a grievance and arbitration procedure contained therein." In the next paragraph, however, the Employer goes on to allege: "By letter dated November 22, 2004, M.R.S. requested, through previous counsel, that the failure of the International and Local 17 to supply skilled sheet metal workers *be arbitrated according to the contractual provision*" (emphasis added). This allegation is misleading as there was not one contractual arbitration provision but rather two provisions, one in the International's National Siding and Decking Agreement and the other in the Local 17 Agreement. It was the National Siding and Decking Agreement that governed the work performed at Logan Airport and it was that Agreement, and that Agreement only, under which the M.R.S. grieved the lack of qualified labor on the Logan Airport job. Riley Aff., Ex. B.

It is not surprising that none of the critical documents referenced in the Complaint were produced by the Employer. Attaching the National Siding and Decking Agreement and the Local 17 Standard Form Agreement would have highlighted their independence of one another and the differences in their grievance and arbitration provisions. Local 17 is not a signatory to the National Siding and Decking Agreement which is a "separate stand alone Collective

4

Bargaining Agreement" that "governs the performance of any work" described therein. Riley Aff., Ex. A. Equally significant is the Employer's failure to provide the November 22, 2004, letter to International President Michael Sullivan in which M.R.S. alleges that the lack of skilled labor at Logan Airport is in breach of its Agreement with the International and raises a grievance under Article X, Section 1 "of the Agreement between M.R.S. Enterprises, Inc. ("M.R.S.") and the Sheet Metal Workers International Association ("SMWIA"). Riley Aff., Ex. B.

Although M.R.S. never filed a grievance under the Local 17 Agreement, the Employer nonetheless alleges that Local 17 refused to "respond to the demand for arbitration." Complaint, par. 26. The reason Local 17 did not respond to the Employer's grievance against the International is quite obvious; the local union is not a party to the International's agreement and has no authority to pursue, resolve, or respond to grievances arising thereunder. Bergantino Aff., par. 5. Furthermore, before filing this suit, M.R.S. did not request any response from Local 17. In its December 20, 2004, letter to General President Sullivan, M.R.S. claimed to have "not received a suitable response from the Sheet Metal Workers International Association ("SMWIA") to our grievance against the SMWIA with respect to the financial harm caused to our firm by the SMWIA on the Delta Terminal A project at Logan Airport, Boston, Massachusetts." Bergantino Aff., Ex. C. There is no mention made of any grievance against Local 17 or of any failure on the part of Local 17 to respond to the Employer's grievance against the International.

The Employer alleges that it "has no choice but to file this Complaint because the Defendants have refused to arbitrate," Complaint, par. 27. This representation is entirely

5

unfounded and disingenuous.  M.R.S. did not file a grievance nor did it request arbitration of its claims regarding the Logan Airport job under the Local 17 agreement.[3]

### B. The Employer's Failure to Exhaust is not Excusable

The Employer has alleged that Local 17 has breached its agreement with M.R.S. by failing to supply qualified labor at a Logan Airport job site in 2003-2004.  Article IV of the parties' agreement governs the Union's obligation to select and refer qualified journeymen and apprentices.  Article X of the agreement provides for the grievance and arbitration of all matters arising out of the "interpretation and enforcement of this Agreement."  Bergantino Aff., Ex. A.

The U.S. Supreme Court long ago recognized that the nation's labor policy strongly favors arbitration as the preferred means of resolving disputes on subjects governed by collective bargaining agreements.  See United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 564, 578 (1960); Textile Workers v. Lincoln Mills, 353 U.S. 448-455 (1957).  Where the collective bargaining agreement contains a grievance and arbitration procedure, a party must resort to those provisions before bringing a court action for breach of contract under Section 301 of the Labor Management Relations Act, 29 U.S. c. §185.  Republic Steel v. Maddox, 379 U.S. 171, 184 (1965); United Steelworkers v. American Mfg. Co., 363 U.S. 650, 658 (1960).  See Plumbers Local 577 v. Ross, 191 F.3d 714 (6th Cir. 1999) (employer must exhaust contractual remedies before seeking damages for union members' alleged performance of unacceptable work).  In this case, the Employee did not resort to the contract's grievance and arbitration procedure before bringing claims against Local 17 in federal court.  As a result of the Employer's failure to exhaust its contractual remedies, the Court does not have jurisdiction over

---

[3] Providing copies to Local 17 of its November 22, 2004, and December 20, 2004, letters to the International does not constitute notice of a grievance under the Local 17 agreement when only the International's contract with M.R.S. is referenced in this correspondence and Local 17 is not a party to the National Siding and Decking Agreement.

6

its breach of contract action against Local 17.  Camean v. F/V Lady Jay, 654 F.Supp. 709, 710 (D.Mass. 1985) (dismissing crew members breach of contract suit for lack of jurisdiction where they failed to exhaust grievance and arbitration procedure).  Accordingly, the Employer's Complaint should be dismissed.[4]

The Employer has not alleged any conduct on the part of Local 17 that would constitute a repudiation of the grievance procedure or a refusal to process its grievance.  See Hayes v. N.E. Millwork Distributors, 602 F.2d 15 (1st Cir. 1979) (absent such allegations, court may not usurp functions of the arbitration tribunal).  Although M.R.S. accuses Local 17 of refusing to respond to the Employer's "demand for arbitration," Complaint, par. 26, the evidence of this demand, Attorney Milas' letter of November 22, 2004, states a grievance under the International's agreement only.  Local 17's failure to respond to the Employer's November 22 grievance against the International can hardly be construed as repudiation of its own contractual grievance process.[5]  Id. at 19 (court will not exercise jurisdiction under §301 where plaintiff's allegations do not suffice to show that employer or union frustrated the grievance process).

---

[4] The International points to an alternative basis for dismissal citing the Ninth Circuit's treatment of motions to dismiss LMRA breach-of-contract claims for failure to exhaust as "non-enumerated" Rule 12(b) motions. International's Memorandum at pp. 5-6 citing. Inland Boatmen's Union of the Pacific v. Dutra Group, 279 F.3d 1075, 1078 n.2 (9th Cir. 2002).  Whether treated as a Rule 12(b)(1) motion to dismiss for lack of jurisdiction or a Rule 12(b) "non-enumerated" motion, the court may consider evidence outside the pleadings and resolve factual disputes.  See Gonzalez v. United States, 284, F.3d 281, 288 (1st Cir. 2002) (court may consider materials outside the pleadings on motion to dismiss for lack of subject matter jurisdiction); DutraGroup, 279 F.3d at 1083 (court may refer to extrinsic evidence in resolving motion to dismiss for failure to arbitrate).

[5] Even if the Employer's grievance against the International could be extended to Local 17 as well, a proposition without precedent, the Local's lack of response in the first instance would not excuse the Employer from pursuing its grievance though the various steps of the grievance-arbitration procedure.  See Drake Bakeries Inc. v. Local 50, Bakery & Confectionary Workers Union, 370 U.S. 254, 266-267 (1964) (as grieving party, employer bore burden of advancing its grievance to arbitration).

7

III.     **CONCLUSION**

For the foregoing reasons, the Employer's Complaint should be dismissal.

Respectfully submitted,

SHEET METAL WORKERS LOCAL 17,

By their attorney,

/s/ Paul F. Kelly
Paul F. Kelly, Esquire
BBO #267000
Shelley B. Kroll, Esquire
BBO #544449
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated:  June 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that the above Memorandum in Support of Motion to Dismiss Complaint has been served by first class mail upon the plaintiff's attorney, James F. Grosso at O'Reilly, Grosso & Gross, P.C. at 1671 Worcester Road, Framingham, MA  01701 and the attorney for co-defendant, Sheet Metal Workers International Association, Michael T. Anderson at Davis, Cowell & Bow, LLP, 8 Beacon Street, 4th floor, Boston, MA  02108 this 24th day of June, 2005.

/s/ Paul F. Kelly
Paul F. Kelly, Esquire

SBK/ts&jas
PFK 8601 05-162/memo-supmotdismcomplt.doc