## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION<br>LOCAL 17 - BOSTON, and<br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION,<br><br>       Defendants. | C.A. NO.:  05 10694 JLT |

## [PROPOSED] REPLY MEMORANDUM
## IN SUPPORT OF DEFENDANT
## SHEET METAL WORKERS INTERNATIONAL ASSN.'S
## MOTION TO DISMISS

Michael T. Anderson, BBO #645533
DAVIS, COWELL & BOWE, LLP
8 Beacon Street, 4th Floor
Boston, MA 02108
Tel:  (617) 227-5720; Fax: (617) 227-5767

Attorneys for Defendant Sheet Metal
Workers International Assn., AFL-CIO

# TABLE OF CONTENTS

INTRODUCTION AND
SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Waiver . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    "Partiality" of Union-Appointed Arbitrators . . . . . . . . . . . . 1

      C.    Non-Arbitrability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      I.    THE UNION DID NOT WAIVE ARBITRATION. . . . . . . . 2

II.    THE EMPLOYER MAY NOT ATTACK THE "PARTIALITY" OF
THE ARBITRATION PROCEDURE IT AGREED TO. . . . . . . . 4

A.    The Employer Agreed to the Contract Arbitration Procedure. . . . . . . 4

B.    The Employer May Not Ask the Court to Impose a Different
Arbitration Procedure than the Agreement Provides. . . . . . . . . . . . 6

III.    THE EMPLOYER DOES NOT HAVE A NON-ARBITRABLE
MISREPRESENTATION CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

i

# TABLE OF AUTHORITIES

## CASES

*Acevedo Maldonado v. PPG Industries*
514 F.2d 614 (1st Cir. 1975)  . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 3, 8

*Allis-Chalmers Corp. v. Lueck*
471 U.S. 202 (1985)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Commonwealth Coatings Corp. v. Continental Casualty Co.*
393 U.S. 145 (1968)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

*Delta Mine Holding Co. v. AFC Coal Props., Inc.*
280 F.3d 815 (8th Cir. 2001)  . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Flibotte v. Pennsylvania Truck Lines*
131 F.3d 21 (1st Cir. 1997)  . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Freedom Wireless, Inc. v. Boston Communications*
198 F.Supp.2d 11 (D.Mass. 2002)  . . . . . . . . . . . . . . . . . . . . . . .  8

*General Drivers Local 89 v. Riss & Co.*
372 U.S. 517 (1963)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Goss Golden West Sheet Metal v. Sheet Metal Workers Local 104*
933 F.2d 759 (9th Cir. 1991)  . . . . . . . . . . . . . . . . . . . . . . . . .  2, 6

*JCI Communications, Inc. v. Electrical Workers Local 103*
324 F.3d 42 (1st Cir. 2003)  . . . . . . . . . . . . . . . . . . . . . . . . .  1, 4, 5

*Merit Ins. Co. v. Leatherby Ins. Co.*
714 F.2d 673 (7th Cir.)
*cert. denied*, 464 U.S. 1009 (1983)  . . . . . . . . . . . . . . . . . . . . . .  6

*Myrick v. GTE Main Street Inc.*
73 F.Supp.2d 94 (D.Mass. 1999)  . . . . . . . . . . . . . . . . . . . . . . .  8

# TABLE OF AUTHORITIES

## CASES

*Nationwide Mut. Ins. Co. v. First State Ins. Co.*
213 F.Supp.2d 10 (D.Mass. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Otis Elevator Co. v. Elevator Constructors Local 4*
408 F.3d 1 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sheet Metal Workers Int'L Ass'n Local 420 v. Kinney Air Conditioning Co.*
756 F.2d 742 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Sheet Metal Workers Local 162 v. Jason Mfg., Inc.*
900 F.2d 1392 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Steelworkers v. Rawson*
495 U.S. 362 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Utility Workers Local 369 v. NSTAR Electric & Gas Corp.*
317 F.Supp.2d 69 (D.Mass. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

29 U.S.C. §185(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff M.R.S. Enterprises, Inc. makes three arguments against dismissal:

### A.    Waiver

M.R.S. Enterprises ("the Employer") argues that the International Union has waived arbitration.  Plaintiff Opp. Memo. at 6-7.  It claims that the International Union has not responded to its grievance, but this ignores the parties' January 28, 2005 meeting, Ex. B to Nigro Aff. (item 7), the Employer's February 1, 2005 demand for damages, Ex. C to Nigro Aff., second paragraph, and the International Union's written rejection of that demand.  Ex. D to Nigro Aff.

### B.    "Partiality" of Union-Appointed Arbitrators

The Employer justifies its failure to take its grievance to the next step by claiming that the contract's arbitration procedure is unfair.  The Employer complains that the Agreement permits the Union to appoint half of the arbitrators, who the Employer contends cannot be disinterested.  Pl. Opp. Memo at 7-10.

The Employer's argument fails because it knowingly agreed to this procedure. "Partisan arbitrators are generally permissible if that is what the parties' arbitration clause contemplated." *JCI Communications, Inc. v. Electrical Workers Local 103*, 324 F.3d 42, 51 (1st Cir. 2003).  The courts have consistently rejected attempts by signatories to labor agreements to attack the fairness of arbitration procedures they

1

knowingly consented to.  *See, e.g., Goss Golden West Sheet Metal v. Sheet Metal Workers Local 104*, 933 F.2d 759, 765 (9th Cir. 1991).

### C.    Non-Arbitrability

Finally, the Employer tries to escape arbitration by inventing a tort cause of action separate from its contract claim.  It argues that it has a non-arbitrable "misrepresentation" claim.  Pl. Opp. Memo. at 10-11.  This argument is baseless.  The Employer's Complaint brings only one cause of action – for breach of contract under §301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. §185(a).  Even if the Employer had sought leave to amend its Complaint to state a tort cause of action, the cause of action would still be subject to the duty to arbitrate.  *Acevedo Maldonado v. PPG Industries*, 514 F.2d 614, 616 (1st Cir. 1975).

### <u>ARGUMENT</u>

The Employer does not dispute much of the International Union's Motion to Dismiss.  It does not contest our discussion of the Court's standard of review, *see* International Union Memo in Support of Motion to Dismiss at 3-7.  Nor does it dispute that the duty to arbitrate pre-expiration grievances survives the expiration of the Agreement.  *See id.* at 14-15.

### I.    THE UNION DID NOT WAIVE ARBITRATION.

The Employer makes a half-hearted effort to preserve its claim that the International Union has waived arbitration.  Pl. Opp. Memo. at 6-7.  It claims that

the Union has not responded to its grievance, but this ignores the parties' January 28, 2005 meeting over the damage claim, Ex. B to Nigro Aff. (item 7), the Employer's February 1, 2005 demand for damages, Ex. C to Nigro Aff., second paragraph, and the Union's written rejection of that demand.  Ex. D to Nigro Aff. Indeed, the Employer admits that the Union's March 2, 2005 letter from Joseph Nigro addressed the demand for damages by rejecting it.  *See* Pl. Opp. Memo at 9.

The Employer argues that the parties did not explicitly "couch" these exchanges as Step 1 proceedings.  This argument is pointless.  Article X, section 1 of the contract does not require any formal structure for settlement discussions. Riley Aff., Ex. A.  There is no time limit in Article X, section 1 for either party to respond to a grievance or discuss settlement.  *Id*.  Either party may take the matter to Step 2 at any time.  *See id.*, Article X, section 2.

The Employer's justification for failing to invoke Step 2 is not that the Union has repudiated arbitration.  To the contrary, it is the <u>Employer</u> who rejects the entire arbitration procedure as a "kangaroo court."  Pl. Opp. Memo at 11.  This changes the Employer's case from waiver to an all-out attack on the very contract procedure it agreed to.

/ / /

/ / /

/ / /

3

## II.    THE EMPLOYER MAY NOT ATTACK THE "PARTIALITY" OF THE ARBITRATION PROCEDURE IT AGREED TO.

### A.    The Employer Agreed to the Contract Arbitration Procedure.

The Agreement provides a bipartite arbitration procedure.  The members of the Step 2 Grievance Panel and the Step 3 Arbitration Board are half appointed by the Union and half by management (through the National Association of Siding and Decking Contractors.)  *See* Article X, sections 2 and 3, Riley Aff., Ex. A. Bipartite arbitration boards are common in labor agreements – they are protected by federal labor policy as much as single third-party arbitrators.  *See General Drivers Local 89 v. Riss & Co.*, 372 U.S. 517, 518-519 (1963).

The Employer complains that the Union-appointed members of the Step 2 and Step 3 Boards will be partisans against its claim.  Pl. Opp. Memo. at 7-11.  It cites *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145 (1968) for the rule that arbitrators must be disinterested.  Pl. Opp. Memo. at 10.

The problem with the Employer's argument is that it knowingly <u>agreed</u> to this bipartite procedure when it signed the National Siding and Decking Agreement.  The Employer may not be heard to attack the fairness of a procedure it voluntarily agreed to.  *JCI Communications, Inc. v. Electrical Workers Local 103*, 324 F.3d 42, 51-52 (1st Cir. 2003); *Nationwide Mut. Ins. Co. v. First State*

*/ / /*

4

*Ins. Co.*, 213 F.Supp.2d 10, 17 (D.Mass. 2002) (parties to arbitration agreement "can ask no more impartiality than inheres in the method they have chosen.")

In *JCI Communications*, the First Circuit rejected an attack on the "partiality" of a joint arbitration board half composed of union-appointed members and half composed of industry representatives. 324 F.3d at 46 & n.2. The employer complained that the industry representatives were its competitors, but the First Circuit held that the employer knew the composition of the arbitration board when it signed the contract. "[P]artisan arbitrators are generally permissible if that is what the parties' arbitration clause contemplated." *JCI Communications*, 324 F.3d at 51, *citing Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 821 (8th Cir. 2001). The First Circuit held that the requirement of impartiality is inapposite where a collective-bargaining agreement itself provides for a bipartite board with party-appointed members:

> This claim is a far cry from *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145 (1968), where at the time of the arbitration hearing the party that subsequently challenged the award lacked even an "intimation" of the source of the alleged bias. *Id.* at 147-48; *see Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 746 (9th Cir. 1985) (Kennedy, J.) ("cases in which courts have faulted arbitrators for their failure to disclose potential sources of bias are inapposite" where the CBA contemplated that management representatives on an arbitral panel might be a party's competitors) (citation omitted).

*JCI Communications*, 324 F.3d at 51-52.

The First Circuit's approval of *Sheet Metal Workers Int'l Ass'n Local 420 v. Kinney Air Conditioning Co.,* 756 F.2d 742, 746 (9th Cir. 1985) (Kennedy, J.) is decisive, because *Kinney* involved the same Sheet Metal Workers arbitration procedure at issue here.  Since *Kinney*, the courts have repeatedly rejected the argument the Employer makes here:

> Finally, Goss [the employer] argues that the [Local Joint Adjustment Board's] decision should be reversed because the board was biased since the labor representatives on the board were Union agents and the management representatives were employed by businesses in competition with Goss.  Goss's argument is fundamentally flawed. Given that the collective bargaining agreement clearly provides that all appeals from unresolved grievances will be arbitrated by representatives of the Union and the local employers' association, which is traditionally composed of management representatives engaged in the sheet metal industry, it is difficult to imagine who else Goss would have expected to arbitrate its dispute.  Goss received exactly what it bargained for.  *Cf. Merit Ins. Co. v. Leatherby Ins. Co.,* 714 F.2d 673, 679 (7th Cir.) ("The parties to an arbitration choose their method of dispute resolution, and can ask no more impartiality than inheres in the method they have chosen."), *cert. denied,* 464 U.S. 1009 (1983).

*Goss Golden West Sheet Metal, Inc. v. Sheet Metal Workers Int'l Union Local 104*, 933 F.2d 759, 764-765 (9th Cir. 1991).  *See also Sheet Metal Workers Local 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1398 (9th Cir. 1990).

## B.    The Employer May Not Ask the Court to Impose a Different Arbitration Procedure than the Agreement Provides.

The Employer says it may be willing to arbitrate its claim, but only before a different arbitrator than the one it agreed to in the National Siding and Decking

6

Agreement.  Pl. Opp. Memo. at 11.  It asks the Court to appoint its own

"impartial" arbitrator in lieu of the procedures of Article X.  *Id.*

The Employer may not ask the Court to change the agreed-on arbitration

procedure.  *Otis Elevator Co. v. Elevator Constructors Local 4*, 408 F.3d 1, 7 (1st

Cir. 2005).  In *Otis Elevator*, the First Circuit reversed this Court's order

compelling arbitration on different terms than the parties' agreement provided:

> Unfortunately, the district court . . . exceeded its discretion by
> requiring that the parties submit to an arbitration regime different
> than what was contractually bargained for. . . The district court's
> abrogation of the regime contractually bargained for was
> inappropriate. Only the procedures of the Agreement, voluntarily
> agreed upon in good faith by the parties, could be enforced by the
> court. . . .The equitable powers of a court are not a warrant for
> reforming the conditions of a collective bargaining agreement.

*Otis Elevator*, 408 F.3d at 7.  After *Otis*, the Employer may not expect this Court

to order arbitration on different terms than the parties agreed.

## III.    THE EMPLOYER DOES NOT HAVE A NON-ARBITRABLE MISREPRESENTATION CLAIM.

Finally, the Employer suggests that it has a second, unpleaded tort claim for

misrepresentation separate from its claim for breach of contract.  Pl. Opp. Memo.

at 10-11.  The Employer argues that such a tort claim is not subject to arbitration.

This is wrong on both counts.  To begin with, the Complaint states only one

claim for breach of contract.  The Employer may not raise claims in its opposition

/ / /

7

brief that it has not brought in an amended complaint. *See Freedom Wireless, Inc. v. Boston Communications*, 198 F.Supp.2d 11, 14 n.6 (D.Mass. 2002).

In any case, an amendment adding a tort claim for "misrepresentation" would not avoid dismissal. Such a claim would still be governed by §301 of the LMRA, and it would still be subject to arbitration. The assurances the Employer alleges to have been false (that the Union would supply qualified workers for the Delta Terminal A project) were simply restatements of the existing contractual obligations of Article IV, Section 1. *See* Complaint, ¶¶ 11, 13, 18. This tort claim would depend on an interpretation of whether the Union breached Article IV, Section 1 as to the Delta project. This claim therefore falls within the parties' agreement to arbitrate grievances "arising out of the interpretation or enforcement of this Agreement." The First Circuit reads such language to cover contract-related tort claims as well as explicit breach-of-contract claims:

> The contracts provide for arbitration of "any controversy or claim arising out of or relating to this Agreement or the breach thereof." Broad language of this nature covers contract-generated or contract-related disputes between the parties however labeled: it is immaterial whether claims are in contract or in tort . . .

 *Acevedo Maldonado v. PPG Industries*, 514 F.2d 614, 616 (1st Cir. 1975). *See also Myrick v. GTE Main Street Inc.*, 73 F.Supp.2d 94, 95-96 (D.Mass. 1999) (following *Acevedo* to hold that arbitration clause in labor agreement extended to tort claims arising out of employment relationship).

8

Plaintiffs may not circumvent §301 preemption (and the strong pro-arbitration policy it protects) by framing claims in tort rather than contract. This is why a claim challenging a union's compliance with a collective-bargaining obligation is completely preempted by the LMRA, even if it is plead in tort. *Flibotte v. Pennsylvania Truck Lines,* 131 F.3d 21, 26 (1st Cir. 1997), *citing Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990), and *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985). A claim for misrepresentation or promissory estoppel may be brought as part of an LMRA breach-of-contract action, but it may not be brought independently. *Utility Workers Local 369 v. NSTAR Electric & Gas Corp.*, 317 F.Supp.2d 69, 72 (D.Mass. 2004). It follows that a claim for "misrepresentation," if one were properly added, would be subject to dismissal on the same grounds applicable to the present claim.

## CONCLUSION

The Court should dismiss the Complaint.

Dated:  July 26, 2005                      DAVIS, COWELL & BOWE, LLP


                                By:   /s/   Michael Anderson
                                     Michael T. Anderson, BBO #645533

                                8 Beacon Street, 4th Floor
                                Boston, MA 02108
                                Tel:  (617) 227-5720; Fax: (617) 227-5767

                                Attorneys for Defendant Sheet Metal
                                Workers International Assn., AFL-CIO

9