UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| M.R.S. ENTERPRISES, INC.<br>    Plaintiff,<br><br>v.<br><br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION<br>LOCAL 17 - BOSTON and SHEET<br>METAL WORKERS' INTERNATIONAL<br>ASSOCIATION<br>    Defendants. | C.A. No. 05 10694 JLT |

## ANSWER OF SHEET METAL WORKERS LOCAL 17

Defendant Local Union No. 17 of Sheet Metal Workers' International Association (herein the "Local"), answers the Complaint as follows:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The Local admits that on or about April 8, 2003, representatives of M.R.S., Crown Corr, Local 17 and the SMIA met in Washington, D.C. All other allegations of paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. The Local responds to the allegations of Paragraph 12 by stating that the National Siding and Decking Agreement speaks for itself.

13. The Local responds to the allegations of Paragraph 13 by stating that the National Siding and Decking Agreement speaks for itself.

14. The Local responds to the allegations of Paragraph 14 by stating that the Local 17 collective bargaining agreement speaks for itself.

15. The Local responds to the allegations of Paragraph 15 by stating that the Agreements speak for itself.

16. The allegations of Paragraph 16 are denied for lack of knowledge.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. The Local is without sufficient knowledge to admit or deny the allegations of Paragraph 290 and therefore denies them.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are admitted.

25. The Local admits that M.R.S. sent a letter to the SMWIA dated November 22, 2004 but denies the remaining allegations of Paragraph 25.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

<b><u>AFFIRMATIVE DEVENSES</u></b>

**First Affirmative Defense**

Plaintiff has failed to exhaust its remedies under the applicable compulsory binding arbitration provisions of its collective bargaining agreements.

**Second Affirmative Defense**

Plaintiff's claim should be stayed, pending the Plaintiff's exhaustion of the compulsory binding arbitration under the applicable collective bargaining agreement.

**Third Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense**

Plaintiff's claims are outside the relevant limitations period.

**Fifth Affirmative Defense**

Plaintiff's claims are barred under the equitable doctrine of unclean hands.

**Sixth Affirmative Defense**

Plaintiff has failed to mitigate its damages.

**Seventh Affirmative Defense**

Plaintiff's alleged losses have been caused in whole or in part by the Plaintiff's own negligence and/or wrongful conduct.

**Eighth Affirmative Defense**

Plaintiff's alleged losses have been caused in whole or in part by the negligence and/or wrongful conduct of third parties.

**Ninth Affirmative Defense**

Plaintiff has waived its claims against Local 17.

**WHEREFORE**, Defendant Sheet Metal Workers Local 17 requests that the Court dismiss the Complaint and reimburse Local 17 for its costs and expenses, including attorneys' fees where authorized by law.

Respectfully submitted
**SHEET METAL WORKERS LOCAL 17**
By their attorney


/s/ Paul F. Kelly
PAUL F. KELLY, ESQ.
BBO #267000
SEGAL, ROITMAN & COLEMAN
11 BEACON STREET, SUITE 500
BOSTON, MA 02108
617-742-0208
617-742-2187 FAX

Dated:  August 22, 2005.

4