UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION<br>LOCAL 17 - BOSTON, and<br>SHEET METAL WORKERS'<br>INTERNATIONAL ASSOCIATION,<br><br>    Defendants. | C.A. NO.:   05 10694 JLT |

**DEFENDANT
SHEET METAL WORKERS INT'L. ASSOCIATION'S ANSWER**

Defendant Sheet Metal Workers International Union, on behalf of itself only, answers the Complaint as follows:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. The allegations of Paragraph 5 are admitted.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are admitted.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are admitted.

11. The allegations of Paragraph 11 are denied, except for allegations as to Joseph Bergantino's statements, which are denied for lack of knowledge.

12. Answering Paragraph 12 of the complaint, Defendant alleges that the relevant agreement speaks for itself.

13. Answering Paragraph 13 of the complaint, Defendant alleges that the relevant agreement speaks for itself.

14. Answering Paragraph 14 of the complaint, Defendant alleges that the relevant agreement speaks for itself.

15. Answering Paragraph 15 of the complaint, Defendant alleges that the relevant agreement speaks for itself.

16. The allegations of Paragraph 16 are denied for lack of knowledge.

17. The allegations of Paragraph 17 are denied for lack of knowledge.

18. The allegations of Paragraph 18 are denied.

19. Defendant admits that the applicable collective bargaining agreement contains provisions governing the use of subcontractors and non-Sheet Metal Workers employees, and that these provisions speak for themselves. All other allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are denied for lack of knowledge.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are admitted.

25. The Union admits that on or about November 22, 2004, M.R.S. filed a Step 1 grievance alleging breach of the Agreement by the International Union, and that this letter speaks for itself. All other allegations of paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

28. Plaintiff's claims are not justiciable, because they are subject to compulsory binding arbitration under the applicable collective bargaining agreement.

### *Second Affirmative Defense*

29. Plaintiff's claim should be stayed, pending the Plaintiff's exhaustion of the compulsory binding arbitration under the applicable collective bargaining agreement.

### *Third Affirmative Defense*

30. The Complaint fails to state a claim upon which relief may be granted.

### *Fourth Affirmative Defense*

31. Plaintiff's claims are outside the relevant limitations period.

### *Fifth Affirmative Defense*

32. Plaintiff's claims are barred under the equitable doctrine of unclean hands.

### *Sixth Affirmative Defense*

33. Plaintiff has failed to mitigate its damages.

### *Seventh Affirmative Defense*

34. Plaintiff's alleged losses have been caused in whole or in part by the Plaintiff's own negligence and/or wrongful conduct.

### *Eighth Affirmative Defense*

35. Plaintiff's alleged losses have been caused in whole or in part by the negligence and/or wrongful conduct of third parties .

### *Ninth Affirmative Defense*

36. Plaintiff has waived its claims.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Sheet Metal Workers International Union, AFL-CIO prays this Court for an order:

1. Staying the Complaint pending arbitration, or in the alternative, dismissing the Complaint;

2. Directing that Plaintiffs take nothing by their complaint;

3. Ordering that Plaintiffs reimburse Defendants for their costs and expenses, including their attorneys' fees where authorized by law; and

4. Granting such other and further relief as the Court deems just and proper.

Dated: August  22 , 2005          Respectfully submitted,

DAVIS, COWELL & BOWE, LLP


By:       /s/ Michael Anderson
     Michael T. Anderson, BBO #645533

8 Beacon Street, 4th Floor
Boston, MA 02108
Tel:  (617) 227-5720; Fax:  (617) 227-5767

Attorneys for Defendant Sheet Metal Workers International Assn., AFL-CIO