UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R.S. ENTERPRISES, INC. )<br>    Plaintiff )<br>)<br>V. )<br>)<br>SHEET METAL WORKERS' )<br>INTERNATIONAL ASSOCIATION )<br>LOCAL 17 - BOSTON, and )<br>SHEET METAL WORKERS' )<br>INTERNATIONAL ASSOCIATION )<br>    Defendants ) | C.A. NO. 05-CV-10694-JLT |

PLAINTIFF, M.R.S. ENTERPRISES, INC.'S, OPPOSITION TO
DEFENDANTS' MOTIONS TO STAY PENDING ARBITRATION AND,
IN THE ALTERNATIVE, MOTION TO STAY MERITS DISCOVERY

INTRODUCTION AND SUMMARY OF ARGUMENT

On August 8, 2005, this Court denied the Motions to Dismiss filed by the Defendants, Sheet Metal Workers International Association (SMWIA) and Sheet Metal Workers International Association Local 17, Boston (Local 17) without prejudice to their right to renew their motions at the close of discovery.

After receiving notice of the denial of the Motions to Dismiss, the Defendant, SMWIA attempted to move the grievance originally filed by the Plaintiff in November 2004 to the next level to be heard before the National Siding and Decking Grievance Panel. In order to circumvent the denial of the Motion to Dismiss and to avoid participating in any discovery, the Defendant, SMWIA then filed this motion to stay the litigation pending arbitration and to stay all discovery. Local 17 Joined the SMWIA Motion to Stay with its pleading on August 22, 2005.

The Court should see through this ruse and deny the joined Motions to stay the litigation and stay the discovery.

## STATEMENT OF THE FACTS

The facts have been accurately outlined in both the Defendants' Motions to Dismiss and the Opposition of the Plaintiff to the Motions to Dismiss. The only new fact since that time has been the attempt by the Defendant, SMWIA, to move the grievance procedure from Step 1 to Step 2 by filing a written request for a hearing before the National Siding and Decking Grievance Panel on August 17, 2005 in order to set up the grounds for its Motion to stay litigation pending "arbitration".

## ARGUMENT

The Defendants are perpetrating a ruse upon this Court by attempting to avoid the Court's order regarding discovery in this litigation with this transparent initiation of Step 2 of the Grievance and Arbitration Procedure in the collective bargaining agreement. The Defendant, SMWIA, declared in its Motion to Dismiss that the employer bears the burden of moving the grievance forward through the arbitration procedure and not the Union. Citing <u>Drake Bakeries, Inc. v. Local 50 Bakery and Confectionery Workers Union</u>, 370 US 254 (1964). See Memorandum in Support of the SMWIA Motion to Dismiss, page 13. To quote the Defendant's own memorandum, "In other words, a plaintiff claiming breach of contract may not blame the defendant for failing to initiate arbitration proceedings against itself. This is well-established law under both the LMRA and the FAA." Memorandum in Support of SMWIA's Motion to Dismiss, page 14. Notwithstanding its stated position that the burden of moving the grievance forward belongs to the employer who initiated it, the SMWIA has now taken upon itself the burden of moving the employer's grievance to Step 2 in order to avoid the impact of the Court's

order denying its Motion to Dismiss. The SMWIA cannot have it both ways. It cannot argue in support of its Motion to Dismiss that the employer had the burden of moving its own grievance forward through the arbitration proceeding and then subsequently take the position that it has decided to move the employer's grievance against the SMWIA forward in the arbitration procedure simply to set the stage for a motion to stay the litigation and the discovery. There is no true arbitration proceeding pending. The SMWIA has no grievance against the employer and it is disingenuous to create one so that it can claim pending arbitration before this Court. The true purpose of the action taken by the SMWIA is to prevent discovery from taking place in the litigation, while at the same time moving the grievance forward to the second level where it will be summarily denied in a final and binding decision by a "kangaroo court".

As can be seen from the attachments to the Motion to Stay, the very Defendants in this case will be serving as arbitrators at the Siding and Decking Grievance Panel, thereby forever preventing a fair hearing on the employer's claim before an impartial arbitrator. Once the arbitration moves to Step 2, a final decision against the employer will issue and the Plaintiff will have only the very limited scope of judicial review. The SMWIA will have achieved with this maneuver what it was unable to achieve with its Motion to Dismiss. Michael J. Sullivan, General President of the SMWIA, the Defendant in this litigation, has appointed one of his employees, International Representative Dean Ball, to serve as an arbitrator on the Siding and Decking Grievance Panel. The National Siding and Decking Association has appointed Mr. Richard Pellar, an employee of Crown Corr, Inc., and a material witness in this litigation as the employer representative on the Grievance Panel. Mr. Pellar was directly involved in the negotiations between the SMWIA and M.R.S., its subcontractor, for the installation of the composition metal panel siding at the Terminal A project at Logan Airport. Mr. Pellar has

already been noticed for a deposition in late September since he is highly likely to have discoverable information.  Michael J. Sullivan is also scheduled for deposition in early October because he is another person who is highly likely to have discoverable information.  If this litigation is stayed along with discovery, while this corrupt alleged arbitration proceeds, the Plaintiff will never get a fair hearing by an impartial individual whether an arbitrator or a judge of this Court. The Plaintiff's grievance will be disposed of at this Step 2 and this Court will never hear the merits of the case.  *"No qualification is more important than that of impartiality.  It may well be that no person can be absolutely free from bias or prejudice of any kind, but it is not too much to expect an arbitrator to be able to put aside any personal inclinations and stand between the parties with an open mind."*  Elkouri & Elkouri, How Arbitration Works, 6th Edition, Chapter 4.9.C, p. 182 (2003)

## CONCLUSION

The Motion to Stay Litigation and to Stay Discovery filed by the Defendant, Sheet Metal Workers International Association, and joined by the Defendant, Sheet Metal Workers International Association Local 17 Boston, should be denied and discovery should proceed forthwith.

M.R.S. ENTERPRISES, INC.<br>
By its attorney,

DATED:  August 26, 2005

*James F. Grosso*
James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
TEL:  508/620-0055
FAX: 508/620-7677