## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

M.R.S. ENTERPRISES, INC.

       Plaintiff,

  v.

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION
LOCAL 17 - BOSTON, and
SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,

       Defendants.

C.A. NO.:   05 10694 JLT

**DEFENDANT**
**SHEET METAL WORKERS INT'L ASSN.'S**
**MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD**
**AND IN SUPPORT OF**
**CROSS-MOTION TO ENFORCE ARBITRATION AWARD**
**AND FOR CONTRACTUAL ATTORNEYS' FEES**

Michael T. Anderson, BBO #645533
DAVIS, COWELL & BOWE, LLP
8 Beacon Street, 4th Floor
Boston, MA 02108
Tel:  (617) 227-5720; Fax: (617) 227-5767
<michael.t.anderson@verizon.net>

Attorneys for Defendant Sheet Metal
Workers International Assn., AFL-CIO

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Collective-Bargaining Agreement . . . . . . . . . . . . . . . . . . . 1

    B.    The Step 1 Grievance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.    The Union Demands Arbitration of the Grievance. . . . . . . . . . 4

    D.    Arbitration Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.    Parties' positions at hearing . . . . . . . . . . . . . . . . . . . . . 5

        2.    Testimony at hearing . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        3.    Post-hearing briefing . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        4.    The Panel's decision . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

PROCEDURAL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I.    THE ARBITRATION PANEL PROPERLY DENIED
    M.R.S.'S CLAIM AS TIME-BARRED. . . . . . . . . . . . . . . . . . . . . . . 7

    A.    The Union Did Not Waive its Contractual
        Limitations Defense By Demanding Arbitration. . . . . . . . . . . 7

    B.    Whether the Union Waived its Limitations
        Defense During Grievance Proceedings Was for
        the Arbitrator to Decide. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

-i-

# TABLE OF CONTENTS

1.   M.R.S. did not raise this argument to the arbitrators. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2.   M.R.S.'s argument misrepresents the facts.. . . . . . . . . . 10

3.   The arbitration Panel had the sole authority to decide whether the Union forfeited its defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.   The Panel's Enforcement of the 30-Day Limitations Period Is Entitled to Maximum Deference. . . . . . . . . . . . . . . 13

II.   M.R.S. MAY NOT ATTACK THE "PARTIALITY" OF THE ARBITRATION PROCEDURE IT AGREED TO. . . . . . . . . . . . . . 15

A.   M.R.S.'s Challenge to Arbitrator Michael J. Asher . . . . . . . . 15

B.   M.R.S.'s Challenge to Union Arbitrator H. Dean Ball . . . . . . 17

C.   M.R.S. Further Waived its Objection by Failing to Appeal the Denial of its Motion for a Different Arbitrator. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

III.   THE COURT SHOULD AWARD THE UNION ITS ATTORNEYS' FEES ON THIS MOTION. . . . . . . . . . . . . . . . . . . 20

CONCLUSION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

## CASES

*Airline Pilots Assn. v. Pan American Airways Corp.*
  405 F.3d 25 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Bull HN Information Systems, Inc. v. Hutson*
  229 F.3d 321 (1st Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Delta Mine Holding Co. v. AFC Coal Props., Inc.*
  280 F.3d 815 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Dorado Beach Hotel Corp. v. Union De Trabajadores*
  959 F.2d 2 (1st Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Early v. Eastern Transfer*
  699 F.2d 552 (1st Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Eastern Associated Coal Corp. v. Mine Workers*
  531 U.S. 57 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*El Mundo Broadcasting v. Steelworkers*
  116 F.3d 7 (1st Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Fit Tech, Inc. v. Bally Total Fitness Holding Corp*.
  374 F.3d 1 (1st Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co.*
  866 F.2d 11 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Franceschi v. Hospital General San Carlos, Inc*.
  420 F.3d 1 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## CASES

*General Drivers Local 89 v. Riss & Co.*
        372 U.S. 517 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Goss Golden West Sheet Metal, Inc. v. Sheet Metal*
        *Workers Int'l Ass'n Local 104*, 933 F.2d 759(9th Cir. 1991) . . . . . . 18

*Howsam v. Dean Witter Reynolds Inc.*
        537 U.S. 79 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

*Int'l Union, Electrical Workers v. General Electric Co.*
        429 F.2d 412 (1st Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*JCI Communications, Inc. v. Electrical Workers Local 103*
        324 F.3d 42 (1st Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18

*John Wiley & Sons v. Livingston*
        376 U.S. 543 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Local 285, Service Employees v. Nonotuck Resource Associates*
        64 F.3d 735 (1st Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Major League Baseball Players Assn. v. Garvey*
        532 U.S. 504 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Marie v. Allied Home Mortgage Corp.*
        402 F.3d 1 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Nat'l Casualty Co. v. First State Ins. Group*
        430 F.3d 492 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

-iv-

# TABLE OF AUTHORITIES

## CASES

*O.R. Securities, Inc. v. Professional Planning Associates, Inc.*
    857 F.2d 742 (11th Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Productos Mercantiles v. Faberge USA, Inc.*
    23 F.3d 41 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Sheet Metal Workers Local 15 v. Law Fabrication*
    459 F.Supp. 2d 1236 (M.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . 20

*Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*
    307 F.3d 617 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Teamsters Local 5 v. Formosa Plastics Corp.*
    363 F.3d 368 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Teamsters Local 42 v. Super-Valu, Inc.*
    212 F.3d 59 (1st Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Tucker v. Fireman's Fund Agribusiness, Inc.*
    365 F.Supp.2d 821 (S.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 9

## STATUTES

9 U.S.C. § 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## RULES

Fed.R.Civ.P. 43 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## INTRODUCTION

On January 17, 2006, the Court allowed Defendant Sheet Metal Workers International Assn.'s ("International Union's") motion to stay pending arbitration. After arbitration proceedings on August 16-17, 2006, the National Siding and Decking Grievance Panel issued a unanimous decision on January 16, 2007 denying Plaintiff M.R.S. Enterprises' ("M.R.S.'" or "the Employer's") grievance in full.

M.R.S. has no valid ground to challenge the award. The Court should now enforce the arbitration award, and enter judgment for the Defendant International Union based on the award.

## STATEMENT OF FACTS

The background facts are set forth in the International Union's Memorandum In Support of Motion to Stay. (Dkt. 18.) For the Court's convenience, we set forth the relevant points again here.

### A.    The Collective-Bargaining Agreement

M.R.S. is suing the International Union for breach of a collective-bargaining agreement, the National Siding and Decking Agreement ("the Agreement"). Complaint, ¶7; Ex. A to Riley Aff. (Dkt. 4).

-1-

Article X of the Agreement requires the parties to raise any claims of breach of the Agreement through a grievance-arbitration procedure. Complaint, ¶24. The relevant sections of Article X provide:

### ARTICLE X

The Union and the Employer, whether party to this Agreement independently or as a member of a multi-employer bargaining unit, agree to utilize and be bound by this Article. The grievance procedures of the National Siding and Decking Agreement are the sole and exclusive remedy for any asserted breaches of this Agreement and supersede the grievance procedures of any other collective bargaining agreement that the Employer is signatory.

SECTION 1. Step 1. Grievances of the Employer or the Union arising out of the interpretation or enforcement of this Agreement, shall be settled between the Employer directly involved and the duly authorized representative of the Union, if possible. Both parties may participate in conferences through representatives of their choice.

To be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable, within thirty (30) calendar days of the first knowledge of the facts giving rise to the grievance.

SECTION 2. Step 2. Grievances not disposed of under the procedure described in Section 1 of this Article may be appealed jointly or by either party to the Siding and Decking Grievance Panel ("Grievance Panel"). Duplicate copies of the appeal shall be mailed to the following addresses: Siding and Decking Grievance Panel, 25800 Northwestern Highway, Suite 1000, Southfield, Michigan 48075 and Sheet Metal Workers International Association Jurisdictional Department, 1750 New York Avenue, N.W., Washington, D.C. 20006. The Grievance

> Panel shall be composed of two (2) members, one (1) of which shall be appointed by the General President of the Sheet Metal Workers International Association and one (1) of which shall be appointed by the National Association of Siding and Decking Contractors.  Both sides shall have equal voting power.

\* \* \*
> The Grievance Panel is empowered to render such decisions and grant such relief to either party as they deem necessary and proper, including awards of damages or other compensation. Except in the case of deadlock, the decision of the Grievance Panel shall be final and binding.

Riley Aff., Ex. A (Dkt. 4).

The Agreement provides for an award of attorneys' fees to any party who is required to enforce an arbitration award in court litigation:

> In the event of a non-compliance within thirty (30) calendar days following the mailing of a decision of the Siding and Decking Grievance Panel . . . a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal law.  If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such relief as is directed by the courts.

*Id.*, Article X, section 4.

## B.    The Step 1 Grievance

On November 22, 2004, M.R.S. commenced a Step 1 grievance over staffing at the Delta terminal at Logan Airport.  Ex. B to Riley Affidavit (Dkt. 4).  M.R.S. Enterprises did not invoke Step 2 of the grievance procedure.  (Dkt. 4, 6; Riley Aff.,¶4; McClees Aff. ¶6 and Ex. A).  Instead, it filed this lawsuit on April 7, 2005.

-3-

## C.    The Union Demands Arbitration of the Grievance.

On August 17, 2005, the International Union invoked its right under Article X, Section 2, to arbitrate the unresolved grievance before the Siding and Decking Grievance Panel.  Dkt. 19, Ex. A.  Even though the Union was the responding party, the Agreement allows "either party" to take the grievance to Step 2 at any time.  *See* Article X, section 2, Dkt. 4, Ex. A.

On January 16, 2006, this Court granted the International Union's motion to stay pending arbitration.  M.R.S. then filed a "Motion For Order Directing the Parties to Select a Neutral Arbitrator" (Dkt. 24), seeking a Court order to replace the Siding and Decking Grievance Panel with a different, "more neutral" arbitrator.  This Court denied that motion on February 2, 2006.  M.R.S. did not appeal that ruling.

## D.    Arbitration Proceedings

The parties conducted arbitration proceedings before the National Siding and Decking Panel in Boston on August 16-17, 2006.  For the management representative, the National Association of Siding and Decking Contractors appointed Michael J. Asher of Sullivan, Ward, Asher & Patton, Southfield, Michigan.  The Union appointed H. Dean Ball, International Union representative from Heiskell, Tennessee.

-4-

### 1.    Parties' positions at hearing

At the commencement of the hearing, M.R.S. objected to the alleged partiality of Union representative H. Dean Ball.  Exhibit B to M.R.S. Motion to Vacate, (hereinafter "Tr.") Vol. I, 17: 16 - 18: 17.  M.R.S. did not object to management arbitrator Michael J. Asher.  Anderson Decl. in Opp. to Motion to Vacate, ("Opp. Decl.") at ¶3.

In response to the Panel's question whether the parties had any "procedural issues . . . or any objections to this proceeding going forward and the authority of the board to render a decision."  Tr. Vol. I, 16: 4-8, the International Union responded:  "[O]ur answer in the court litigation sets forth the defenses, some of which could be styled procedural in nature, limitations or things of that nature, and all of those defenses are properly before the panel, but we have no objection to the authority of the panel to proceed at this point."  Tr. Vol. I, 21: 10-17.  The International Union's Answer in this Court set forth a limitations defense as its Fourth Affirmative Defense.  Dkt. 22, ¶31.  In its opening statement, the Union set out timeliness as one of its three principal defenses.  Tr. Vol. I, 36: 18- 37: 10.

### 2.    Testimony at hearing

At hearing, M.R.S.'s witnesses admitted that the allegedly inadequate

manpower of which M.R.S. complained created a discrete harm every week,

known to M.R.S. and reflected in each of its weekly payrolls from the

autumn of 2003 onward.  Tr. Vol. I, 132:16-135: 1 (Levesque); Tr. Vol I,

258: 21- 259: 8 (LaFrancois).  M.R.S.'s witnesses testified that the alleged

problems occurred from fall of 2003 through February 2004, and subsided

thereafter.  Tr. Vol. I, 258: 12-20 (M.R.S. supervisor J.R. LaFrancois);

Tr. Vol. I, 275: 18- 276: 13, 280: 5- 281: 8 (project manager Peter Johnson):

Tr. Vol. II, 116:17- 117: 4; 142: 11-16 (project manager John Pickford); Tr.

Vol II, 60: 9-16 (M.R.S. supervisor Scott D'Angelo).

### 3.    Post-hearing briefing

M.R.S.'s initial post-hearing brief contained a separate section

addressing the Union's timeliness defense.  Anderson Opp. Decl., Ex. A at

pp. 4-5.  On November 13, 2006, the Panel invited the parties to file

supplemental briefs further addressing the timeliness of the grievance.

Anderson Opp. Decl., Ex. C.  M.R.S. filed its supplemental brief on

December 8, 2006.  Anderson Opp. Decl., Ex. D.

### 4.    The Panel's decision

On January 16, 2007, the Panel issued a unanimous decision denying the

grievance in full.  Anderson Opp. Decl., Ex. E.  The Panel found that harm

alleged by M.R.S. was known to it, and had completed, well over 30 days

before the November 22, 2004 grievance.  *Id*.  The Panel relied solely on the

admissions of M.R.S.'s own witnesses.  *Id*.  The Panel concluded that M.R.S.'s

claim for breach of contract was therefore barred by the 30-day limitation of

Article X, section 1.  *Id*.  The Panel did not reach the Union's other defenses.

## PROCEDURAL STATUS

The Court must enter judgment on the arbitration award unless the

award is vacated or modified.  9 U.S.C. § 9.  Motions to confirm and vacate

an arbitration award are subject to ordinary motion practice.  *Nat'l Casualty*

*Co. v. First State Ins. Group*, 430 F.3d 492, 496 n.3 (1st Cir. 2005), *citing*

*O.R. Securities, Inc. v. Professional Planning Associates, Inc.,* 857 F.2d

742, 745-46 (11th Cir.1988).  Such motions are governed by Fed.R.Civ.P.

43, rather than Rule 12 or 56.  *O.R. Securities*, 857 F.2d at 746 n.3;

*Productos Mercantiles v. Faberge USA, Inc.*, 23 F.3d 41, 46 (2d Cir. 1994).

## ARGUMENT

**I.    THE ARBITRATION PANEL PROPERLY DENIED
      M.R.S.'S CLAIM AS TIME-BARRED.**

**A.    The Union Did Not Waive its Contractual Limitations
        Defense By Demanding Arbitration.**

M.R.S. argues that the Union waived its limitations defense by

seeking arbitration of M.R.S.'s grievance.  M.R.S. Memo. at 6-7.  M.R.S.'s

argument is confused.

The arbitration Panel clearly had <u>jurisdiction</u> over this grievance, including the Union's limitations defense. The Union's limitations defense was a matter for the arbitration Panel to decide along with all other issues in the case. *See Local 285, Service Employees v. Nonotuck Resource Associate*s, 64 F.3d 735, 739-740 (1st Cir. 1995) ("Thirty years of Supreme Court and federal circuit court precedent have established that issues concerning the timeliness of a filed grievance are 'classic' procedural questions to be decided by an arbitrator.") *See also Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 11 & n.8 (1st Cir. 2005) *citing Howsam v. Dean Witter Reynolds Inc.*, 537 U.S. 79, 85 (2002); *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557-559 (1964). The Union's demand for arbitration is not inconsistent with raising its time-bar defense on the merits to the arbitrators. *See, e.g., Tucker v. Fireman's Fund Agribusiness, Inc.,* 365 F.Supp.2d 821, 823-824 (S.D. Tex. 2005).

M.R.S. argues that the Agreement does not impose time limits for moving a Step 1 grievance to Step 2 arbitration. M.R.S. Memo. at 6-7. M.R.S. misses the point. As the arbitrators explained, M.R.S.'s grievance was not untimely because of the time elapsed between the Step 1 grievance

and Step 2 arbitration. M.R.S.'s grievance was untimely because M.R.S.

waited more than 30 days from accrual to file its Step 1 grievance to begin

with. Anderson Opp. Decl., Ex. E at 2.

> **B.    Whether the Union Waived its Limitations Defense During Grievance Proceedings Was for the Arbitrator to Decide.**

M.R.S. also argues that the Union waived its timeliness defense,

supposedly by failing to raise this defense earlier in the grievance

proceedings. M.R.S. Memo. at 6-7.

> **1.    M.R.S. did not raise this argument to the arbitrators.**

M.R.S. never made this argument to the arbitration Panel. At

arbitration, M.R.S.'s only response to the Union's time-bar defense was that

the Union was estopped by its demand for arbitration. *See* Anderson Opp.

Decl., Exs. A and D. At no point did M.R.S. argue to the Panel that the

Union had also forfeited its defense by failing to raise it during Step 1

grievance discussions. *See id.* M.R.S.'s failure to raise the argument to the

arbitrators waives the issue on review. *Teamsters Local 42 v. Super-Valu,*

*Inc.*, 212 F.3d 59, 68 (1st Cir. 2000), *citing Dorado Beach Hotel Corp. v.*

*Union De Trabajadores*, 959 F.2d 2, 6 (1st Cir. 1992).

-9-

## 2.    M.R.S.'s argument misrepresents the facts.

In any event, M.R.S.'s argument lacks merit.  The Union has continuously asserted its limitations defense.  At the same time as it moved to stay pending arbitration, the Union filed its Answer setting forth its limitations defense.  Dkt. 22, ¶31.  At the outset of the arbitration hearing, the Union set forth its limitations defense as one of its three principal defenses.  Tr. Vol. I, 21: 10-17; 36: 18- 37: 10.  M.R.S. tries to minimize this as a "passing comment,"  M.R.S. Memo. at 6, but the transcript of Union counsel's statement shows otherwise:

> Finally, M.R.S. has slept on its rights.  The problems they complain about and the damage that they complain about was all known to M.R.S. in late 2003 or early 2004.  The grievance comes far too little and far too late to state a claim on which the panel can award relief.  The essence of grievance processing under the contract is that the parties have to claim their violations in a timely manner, and this principle is usually enforced against unions by management, that is when grievants show up months after they suffered some adverse job action to complain that they should be made whole.  In those cases, this panel will enforce the plain meaning of the contract to require that those grievances be made timely, and the panel is going to have to do the same as to M.R.S. in this case.

Tr. Vol. I, 36: 18- 37: 10.  M.R.S. wrongly asserts that "no evidence was presented by the Union regarding the timeliness, or lack thereof, of the grievance," M.R.S. Memo. at 6.  M.R.S. ignores the cross-examination of its

-10-

own witnesses on this point, whose admissions were the basis for the Panel's conclusion.  *See* Statement of Facts, Part D.2 above.

Nor was M.R.S. taken by surprise.  M.R.S. was well aware that the Union was litigating a limitations defense.  M.R.S.'s initial post-hearing brief contained a separate section addressing the Union's timeliness defense.  Anderson Opp. Decl., Ex. A at 4-5.  The arbitration Panel gave M.R.S. a further opportunity to address the Union's limitations defense in a supplemental briefing order.  Anderson Opp. Decl., C and D.

### 3.    The arbitration Panel had the sole authority to decide whether the Union forfeited its defense.

Having failed to persuade the arbitrators, M.R.S. may not ask the Court for a different result.  It is for the arbitrator to decide whether a party has procedurally forfeited its right to make a given argument at arbitration. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *Airline Pilots Assn. v. Pan American Airways Corp.*, 405 F.3d 25, 34-35 (1st Cir. 2005).  In *John Wiley*, the Court made clear that the arbitrator has authority to decide procedural questions such as "whether such [grievance] procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate."  376 U.S. at 557.  The First

Circuit recently followed *John Wiley* to hold that the arbitrator, not the Court, has the power to decide whether a party has forfeited its right to arbitrate an otherwise arbitrable issue through its failure to raise the issue earlier in grievance proceedings.  *Airline Pilots*, 405 F.3d at 34-35.  *John Wiley* and *Airline Pilots* defeat M.R.S.'s argument here.

M.R.S. goes even further, to argue that the Panel did not even have jurisdiction to pass on the Union's time-bar defense.  M.R.S. Memo. at 7-9.  M.R.S. cites cases where the complaining party introduces entirely new claims outside the scope of the submission, like *Int'l Union, Electrical Workers v. General Electric Co.*, 429 F.2d 412, 413 (1st Cir. 1970).[1]  M.R.S. attempts to apply these cases to the Union's defense based on the same contract M.R.S.'s claim invokes.  According to M.R.S., it has the right to bring a claim under Article X of the Agreement, but the Panel had no authority to consider the Union's defense based on the same Article.

_____

[1] M.R.S. purports to quote *General Electric* as follows:  "Issues not raised at the initial stage of the grievance procedure could not, without consent of all the parties, be properly decided at a later stage."  M.R.S. Memo. at 8.  This language does not appear in *General Electric*.  In any event, the Supreme Court has held more recently that "the arbitrator should decide allegations of waiver."  *Howsam*, 537 U.S. at 84.  The First Circuit now recognizes this as the law: whether a party has forfeited the right to assert an otherwise arbitrable defense is a matter for the arbitrator, not the Court.  *Airline Pilots*, 405 F.3d at 34-35.

-12-

This is nonsense.  M.R.S. is asserting a breach-of-contract claim governed by Article X of the Agreement, including its 30-day limitations provision.  Once M.R.S. brought such a claim, the arbitrators had the power to decide whether M.R.S.'s claim was valid under Article X's provisions. M.R.S. may not have it both ways.

### C.    The Panel's Enforcement of the 30-Day Limitations Period Is Entitled to Maximum Deference.

M.R.S. next argues that the Panel was wrong on the merits.  M.R.S. Memo. at 9-10.  This is simply an effort to relitigate an issue resolved against M.R.S. by the arbitrators.

"Judicial review of a labor-arbitration decision pursuant to such an agreement is very limited.  Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.  [cit.om.]  We recently reiterated that if an " 'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.' "  *Major League Baseball Players Assn. v. Garvey*,

532 U.S. 504, 509 (2001) *quoting Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000).

M.R.S. asserts that it could not have calculated its damages until the job was completed, M.R.S. Memo. at 10, but the arbitration Panel properly read the record differently. M.R.S.'s witnesses admitted that the allegedly inadequate manpower was a discrete harm reflected in every weekly payroll from the autumn of 2003 onward. Tr. Vol. I, 132:16-135: 1 (Levesque); Tr. Vol I, 258: 21- 259: 8 (LaFrancois). Its witnesses admitted that the alleged staffing problems subsided by February 2004, <u>nine months</u> before M.R.S. filed its claim. *See* Statement of Facts, Part D.2., above. The Panel's construction of the facts and of the contract was rational.

The arbitrators' interpretation of the contract's timeliness requirements is entitled to the same deference as to any other issue. *See Bull HN Information Systems, Inc. v. Hutson*, 229 F.3d 321, 330-331 (1st Cir. 2000). When an arbitrator concludes that a grievance is barred by the contract's limitations period, the courts must defer to that reading and confirm the arbitrator's award. *See, e.g., Teamsters Local 5 v. Formosa Plastics Corp.*, 363 F.3d 368, 371 (5th Cir. 2004). Labor contracts typically have very short deadlines for the assertion of contract claims, and the First

-14-

Circuit enforces those deadlines in the interests of industrial peace. *See El Mundo Broadcasting v. Steelworkers*, 116 F.3d 7, 10 (1st Cir. 1997) (enforcing three-day limitations period in a labor contract).

## II.    M.R.S. MAY NOT ATTACK THE "PARTIALITY" OF THE ARBITRATION PROCEDURE IT AGREED TO.

In a conclusory final paragraph, M.R.S. repeats the argument it raised in its Opposition to the Motion to Stay (Dkt. 23) and in its Motion to Appoint a Neutral Arbitrator (Dkt. 25). M.R.S. argues yet again that the contract's arbitration procedure is unfair, because it directs disputes to an industry panel which includes a union representative. For the first time, however, M.R.S. now attacks the management arbitrator Michael J. Asher. The Court should reject this argument.

### A.    M.R.S.'s Challenge to Arbitrator Michael J. Asher

M.R.S. never challenged arbitrator Michael J. Asher in the arbitration proceedings, despite its knowledge that he is the son of the administrator of the National Association of Siding and Decking Contractors. Anderson Opp. Decl. at ¶3. M.R.S. may not wait until after the Panel's decision to challenge Arbitrator Asher. "It would undermine the arbitral process to permit an employer with an industry-represented panel to await the outcome

-15-

of an arbitration before deciding to cry bias. [cit.om.] We cannot accept that parties have a right to keep two strings in their bow – to seek victory before the tribunal and then, having lost, seek to overturn it for bias never before claimed." *JCI Communications, Inc. v. Electrical Workers Local 103*, 324 F.3d 42, 52 (1st Cir. 2003). "In the absence of exceptional circumstances, we will not entertain a claim of personal bias where it could have been but was not raised at the hearing to which it applies." *Early v. Eastern Transfer,* 699 F.2d 552, 558 (1st Cir.1983).

In any event, M.R.S.'s challenge has no merit. M.R.S. now complains that Arbitrator Asher's father and law partner (Anthony Asher, administrator of the National Association of Siding and Decking Contractors) was present at an early meeting where M.R.S. agreed to follow the Sheet Metal Workers contract prior to the beginning of the Logan Airport project. The father was not called as a material witness by either side at the arbitration hearing. There is no evidence that the father was involved in any other way in the ensuing project. Nor does M.R.S. explain how this would affect the Contractors Association's view of a claim against the Union after the project began. If anything, the Contractors' Association would have an interest in ruling for a fellow contractor in enforcing the

-16-

Union's obligations under that Agreement. Nothing in the record supports M.R.S.'s naked assertion that this affected Michael Asher's ability to serve as the management representative on the Panel.

### B.     M.R.S.'s Challenge to Union Arbitrator H. Dean Ball

M.R.S. argues that union representative H. Dean Ball was biased. M.R.S. Memo. at 10. It asserts that a union arbitrator would never rule for a contractor. Tr. Vol. I, 17: 15- 18: 17.

First, the record proves M.R.S. wrong. The Union submitted two decisions since 2000 from Sheet Metal arbitration panels, in which the union arbitrator voted with the management arbitrator to deny a local union grievance on timeliness grounds. Anderson Opp. Decl., Ex. B.

Second, M.R.S. agreed to this procedure when it signed the National Siding and Decking Agreement. M.R.S. has long known that the Union appoints one representative to the panel, and that the National Association of Siding and Decking Contractors appoints the management representative. Tr. Vol. I 161: 7 - 162: 2. In fact, M.R.S.'s president Roland Levesque had himself been appointed as the management arbitrator on such a grievance panel four years ago. Tr. Vol. I 161:3 - 22. Joint union-management boards have the same legitimacy under federal labor law as third-party arbitrators.

-17-

*See General Drivers Local 89 v. Riss & Co.*, 372 U.S. 517, 518-519 (1963). As Judge Easterbrook wrote: "In labor arbitration a union may name as its arbitrator the business manager of the local union, and the employer its vice-president for labor relations. Yet no one believes that the predictable loyalty of these designees spoils the award." *Sphere Drake Ins. Ltd. v. All American Life Ins. Co.*, 307 F.3d 617, 620 (7th Cir. 2002).

M.R.S. knew the makeup of the Article X arbitration panels when it signed the Agreement. M.R.S. may not be heard to attack the fairness of a procedure it voluntarily agreed to. *JCI Communications, Inc. v. Electrical Workers Local 103*, 324 F.3d 42, 51-52 (1st Cir. 2003). In *JCI Communications*, the First Circuit rejected an identical attack on the "partiality" of a joint arbitration board half composed of union-appointees and half composed of industry representatives. "[P]artisan arbitrators are generally permissible if that is what the parties' arbitration clause contemplated." *JCI Communications*, 324 F.3d at 51, *citing Delta Mine Holding Co. v. AFC Coal Props., Inc.*, 280 F.3d 815, 821 (8th Cir. 2001). *See also Goss Golden West Sheet Metal, Inc. v. Sheet Metal Workers Int'l Ass'n Local 104*, 933 F.2d 759, 764-765 (9th Cir. 1991).

-18-

M.R.S.'s case is further undermined by the fact that management representative Michael Asher voted to deny the grievance as well. The unanimity of the panel decision further shows that M.R.S. was not prejudiced. *See Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co.*, 866 F.2d 11, 14 (1st Cir. 1989).

### C.    M.R.S. Further Waived its Objection by Failing to Appeal the Denial of its Motion for a Different Arbitrator.

In any case, M.R.S. waived its objection to the panel when it failed to appeal its pre-hearing motion for a different arbitrator. After the Court granted the stay, M.R.S. moved for appointment of a different arbitrator than the Siding and Decking Grievance Panel, on the same ground of "bias" it now presents. The Court's denial of this motion was appealable. *See Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 5 (1st Cir. 2004). By failing to appeal the denial of its motion for a different arbitrator, M.R.S. permanently waived its claim that it was entitled to a different arbitrator. *See Franceschi v. Hospital General San Carlos, Inc.*, 420 F.3d 1, 4 (1st Cir. 2005) (failure to file an immediate appeal after denial of an arbitration motion waives the issue.)

-19-

## III.  THE COURT SHOULD AWARD THE UNION ITS ATTORNEYS' FEES ON THIS MOTION.

Article X, section 4 of the Agreement provides that any party who must litigate to enforce an arbitration award is entitled to its attorneys' fees and costs.  The Courts enforce this provision.  *Sheet Metal Workers Local 15 v. Law Fabrication*, 459 F.Supp. 2d 1236, 1245-46 (M.D. Fla. 2006). The Court should award the Union its reasonable attorneys' fees expended to enforce the award on application after entry of judgment.

## CONCLUSION

The Court should enforce the arbitration award.  The Court should enter judgment for Defendants based on the award.

February 26, 2007                    Respectfully submitted,


                        _____/s/ Michael T. Anderson_____
                        Michael T. Anderson
                        BBO #645533
                        DAVIS, COWELL & BOWE, LLP
                        8 Beacon Street, 4th Floor
                        Boston, MA 02108
                        Tel:  (617) 227-5720; Fax: (617) 227-5767

                        Attorneys for Defendant Sheet Metal
                        Workers International Assn., AFL-CIO

50/C:\DCB\MTA\MRS Opp to Vacate and memo to confirm MPA FINAL.wpd
02/26/2007/15:40:38 USM 4925

-20-